UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**CLOSED**

| | |
|---|---|
| EVETTE C. FEAGIN,<br><br>    Plaintiff,<br><br>v.<br><br>THE STATE OF NEW JERSEY,<br><br>    Defendant. | Civil Action No.: 06-730 (JLL)<br><br><br><br>**O P I N I O N  &  O R D E R** |

**APPEARANCES:**

Evette C. Feagin
140 South Orange Avenue
Apt. # 1701
Newark, New Jersey 07103
    Plaintiff, pro se

**LINARES**, **District Judge:**

   Plaintiff pro se Evette C. Feagin seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915.  On March 3, 2006, this Court entered an Order that: (1) granted Plaintiff's application to proceed in forma pauperis, (2) dismissed Plaintiff's Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B), and (3) permitted Plaintiff thirty (30) days within which to amend her Complaint so as to allege facts that, if proven, would state a claim for her multiple causes of action against the State of New Jersey.  The Court finds that while Ms. Feagin did timely amend her Complaint, Plaintiffs' Complaint, as amended, still fails to state a claim upon which relief may be granted.

The Court's March 3rd Order explained to Ms. Feagin that the accusations in her Complaint were wholly unsupported by any facts. This Court has given Ms. Feagin an opportunity to rectify the deficiencies by filing an Amended Complaint. The Complaint, as amended, is now more clear and supported by facts than it was when originally filed.

However, even construing the claims liberally in the pro se Plaintiff's favor, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the Court concludes that the Amended Complaint demonstrates that this Court lacks subject matter jurisdiction over this case. Plaintiff cannot establish diversity jurisdiction under 28 U.S.C. § 1332, which grants federal jurisdiction only if the litigants are citizens from different States or involve a citizen of a foreign State. The facts indicate that both parties involved are citizens of New Jersey.

In the absence of diversity, this Court can look to see whether jurisdiction can be asserted on the ground that the Complaint raises a federal question. 28 U.S.C. § 1331. Although Plaintiff alleges that this Court has jurisdiction because the Complaint is premised on a violation her civil rights, it is insufficient to merely allege a federal statute as the basis for the Court's jurisdiction. As stated by the United States Supreme Court, "a complaint alleging a violation of a federal statute as an element of a state cause of action . . . does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'" Merrell Dow Pharmaceuticals v. Thompson, 478 U.S. 804, 817 (1986) (quoting 28 U.S.C. § 1331).

The facts, as now set forth in Plaintiff's Amended Complaint, reveal the basis for her four causes of action. In support of her sexual harassment claim, Plaintiff contends that her therapist and psychiatrist at University Hospital Mental Clinic encouraged her to continue a sexual relationship with Derek L. Simmons. Notably this harassment is not occurring in the context of an employment

relationship or an academic setting.  Furthermore, Plaintiff is suing the State of New Jersey, presumably on the basis of respondeat superior.  The Supreme Court has consistently ruled that sexual harassment is not within the scope of employment thus the State of New Jersey would not be liable under these circumstances.  Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 757 (1998).  The Court concludes that there is no federal cause of action present for sexual harassment.

The political harassment claim is premised on the following:

> Under the states leadership they are unable to uphold justice.  Due to the bad leadership state level, with ambulance sirons noise polutions.  The state allows Essex fire trucks and Newark police and other police sirons for noise polution all three together, regularly through out day and night.  Especially in front of my building New Community Corp. - Commons Seniors Bldg. and where ever I go.

(Amended Compl. at p. 3).  This claim also fails to set forth a cognizable federal claim.

Moreover, there is no discernable federal claim in Plaintiff's allegation that she has been threatened with hospital commitment by her doctors, nor her allegation that she has "no mobility in any area of her life."

Even having "accept[ed] as true all of the allegations in the complaint and all reasonable inferences that [could] be drawn therefrom, and view[ing] them in the light most favorable to the plaintiff," Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997), there is no basis in fact or law to support a violation of this Plaintiff's civil rights.  Since Plaintiff has failed to set forth a basis for this Court's jurisdiction, and for failure to state a claim, her case must be dismissed.

## C O N C L U S I O N

For the reasons stated herein, it is on this 17th day of March, 2006, hereby

**O R D E R E D**  that Plaintiff's Complaint is **DISMISSED** for failure to state a claim

pursuant to 28 U.S.C. § 1915(e)(2)(B), without any further leave to amend; and it is further

**O R D E R E D** that the Clerk of the Court shall close the Court's file on this matter.

This case is **CLOSED**.

|  |  |
|---|---|
| DATED: March 17, 2006 | /s/ Jose L. Linares<br>JOSE L. LINARES,<br>UNITED STATES DISTRICT JUDGE |